IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**MICHAEL ANGELO'S GOURMET FOODS, INC.,**
      **Plaintiff,**

-vs-                     Case No. A-05-CA-912-SS

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**
      **Defendant.**

___

**O R D E R**

  BE IT REMEMBERED on the 4th day of August 2006, the Court reviewed the file in the above-styled cause, and specifically, Defendant's Motion to Compel Arbitration [#14]. Having considered the motion, along with the response and reply thereto, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

**Background**

  In this insurance coverage dispute, Plaintiff Michael Angelo's Gourmet Foods, Inc. ("MAGF") alleges Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") has breached its obligations to defend and indemnify MAGF under a Directors, Officers and Private Company Liability Policy, in connection with claims asserted against MAGF in two lawsuits proceeding in Texas and California. MAGF asserts causes of action for declaratory relief, breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. National Union now moves the Court for an order compelling MAGF to arbitration.

**Analysis**

In deciding whether to compel arbitration, this Court considers whether (1) there is a valid agreement to arbitrate, and (2) the dispute is within the scope of the agreement. *Pennzoil Exploration & Prod. Co. v. Ramco Energy, Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998). Under the Federal Arbitration Act ("FAA"), arbitration clauses are generally valid, irrevocable, and enforceable. 9 U.S.C. § 2. The Supreme Court has articulated a strong policy favoring arbitration under the FAA. *E.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–25 (1991).

The insurance agreement underlying MAGF's claims in this case contains a broad alternative dispute resolution clause, with the following relevant language:

> In consideration of the premium charged, it is hereby understood and agreed that . . . all disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy, including any determination of the amount of Loss, shall be subject to the alternative dispute resolution process ("ADR") set forth in this clause.

Def.'s Mot. Compel Arbitration, Ex. A ("the Policy") at 65.[1]

The ADR clause gives the parties the option of engaging in non-binding mediation or arbitration. *Id.* However, in the event an unsuccessful mediation is conducted, the clause gives either party the right, "within 120 days of the termination of the mediation, to commence an arbitration proceeding. . . ." *Id.* National Union has represented, and MAGF does not dispute, that an unsuccessful mediation took place on April 4, 2006. On June 7, 2006, National Union filed a Demand for Arbitration and an Original Statement of Claim with the American Arbitration

---

[1] MAGF has objected that none of the exhibits to National Union's motion to compel arbitration was "properly proved up." Pl.'s Resp. Mot. Compel Arbitration at 2. However, this defect was cured by National Union with the filing of the Declaration of Adam T. Schramek, which served to authenticate each of the documents attached to the motion to compel arbitration.

Association. Def.'s Mot. Compel Arbitration, Ex. B. National Union contends that under the plain terms of the Policy, MAGF is now bound to submit its claims to arbitration.

MAGF does not dispute the validity of the arbitration clause or the fact its claims against National Union fall within its scope. Instead, MAGF asserts three grounds on which it contends the arbitration agreement is unenforcable against it. First, MAGF argues the Court previously ruled on the relief requested in Plaintiff's motion to compel arbitration when it denied National Union's motion to dismiss. Second, MAGF argues National Union lost the right to invoke the arbitration requirement as a "condition precedent" to suit because National Union wrongfully denied it a defense. Third, MAGF contends National Union waived its right to compel arbitration by its participation in this litigation. The Court considers each argument in turn.

First, MAGF's argument that the Court has already ruled in its favor on the substance of the motion to compel arbitration is a mischaracterization of the Court's ruling. On December 5, 2005, National Union filed a 12(b)(6) motion to dismiss, arguing MAGF's claims were not ripe for adjudication on the grounds that MAGF had failed to satisfy a variety of conditions precedent. Among other things, National Union alleged MAGF had failed to submit its claims for ADR as required under the Policy. Def.'s Mot. Dismiss at 1–2. As MAGF pointed out in its response, National Union's motion rested on "bare assertions" of material facts outside the pleadings, and thus, it did not show National Union was entitled to dismissal under Rule 12(b)(6). Pl.'s Resp. Mot. Dismiss at 2–3. Indeed, the allegation in MAGF's complaint that it "fulfilled and performed all the terms and conditions of the contract" was sufficient to overcome the motion to dismiss. Compl. ¶ 26. Accordingly, the Court denied the motion to dismiss "without prejudice to the filing of a motion for summary judgment based on an evidentiary record." Order of Dec. 21, 2005. Nothing

in the Court's order, either through express language or by implication, purported to address National Union's right to arbitration. Accordingly, MAGF's argument that the issue before the Court has previously been decided is without merit.

MAGF's second argument is that National Union lost the right to demand arbitration because it wrongfully denied MAGF a defense. In support, MAGF cites a series of cases for the proposition that "an insurer who wrongfully denies a defense cannot complain about the insured's failure to comply with conditions precedent to recovery against the insurer." *Enserch Corp. v. Shand Morahan & Co., Inc.*, 952 F.2d 1485, 1496 n.17 (5th Cir. 1992). MAGF asserts that "National Union cannot seriously dispute that it wrongfully denied its duty to defend MAGF's claim." Pl.'s Resp. Mot. Compel Arbitration at 7.

MAGF's argument is misconceived. Initially, the Court notes that National Union does in fact dispute that it wrongfully denied a duty to defend MAGF, *see* Def.'s Ans. ¶ 15, and the Court can only assume that it does so seriously. Thus, the Court cannot simply assume the correctness of the factual predicate of MAGF's argument .

In order to resolve the question of whether National Union wrongfully breached a duty to defend, the Court would necessarily have to determine whether there was coverage under the Policy for the claims at issue in this suit. However, to require National Union to show there is no coverage as a prerequisite to arbitration would be in effect to require it to litigate the merits of the case now, despite the fact the parties have agreed to arbitrate all disputes "aris[ing] under or in connection with" the Policy. By making coverage a threshold issue in the context of a motion to compel arbitration, MAGF's suggested protocol would result in the denial of a meaningful right to

arbitration in every case. A defendant could only reach arbitration by litigating the merits. Such a result would both defy logic and run afoul of the strong policy favoring arbitration.

The second problem with MAGF's argument is that *Enserch* (along with the rest of the cases on which MAGF relies) addresses only the question of whether an insurer may establish a *defense to liability* after it wrongfully denies a defense to its insured. According to *Enserch*, after the insured has already established the insurer wrongfully denied a duty to defend,[2] the insurer cannot avoid liability by asserting the insured plaintiff failed to satisfy conditions precedent. As National Union points out, this principle bears no direct relationship to the question of how a wrongful denial of a defense would impact an insurer's right to seek an order compelling arbitration. MAGF has not pointed to any cases that would suggest an insurer can lose this right by denying a duty to defend. Indeed, as already noted, the question of whether the insurer had the duty to defend in the first place is precisely the question the insurer will almost always be seeking to arbitrate. In a case such as this, in which the insurer's duty to defend itself involves a dispute that falls within the scope of the arbitration clause, the insured cannot avoid arbitration by arguing the insurer breached its duty to defend.

MAGF's third and final argument against arbitration is that National Union waived its right to seek arbitration by participating in this litigation. The Fifth Circuit has held that "[a] party waives its right to arbitration when, among other things, it invokes the judicial machinery to 'the detriment or prejudice of the other party.'" *Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 897 (5th Cir. 2005) (quoting *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir.

---

[2] As MAGF points out, in *Enserch*, a jury found the defendant had breached the duty to defend. Pl.'s Resp. Mot. Compel Arbitration at 6 n.3; *Enserch*, 952 F.2d at 1492.

2004)).  Before a waiver will be found, the party seeking arbitration must have engaged in an "overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration."  *Id.*  The Court applies a presumption against finding waiver because of the federal policy favoring arbitration.  *Id.* (citing *Steel Warehouse Co. v. Abalone Shipping Ltd. of Nicosai*, 141 F.3d 234, 238 (5th Cir. 1998)).

In arguing that National Union has invoked the judicial machinery to its detriment, MAGF points to the fact that National Union "has participated in pretrial discovery in this case and obtained discovery and information which it would not have been entitled to had this matter been pending in arbitration."  Pl.'s Resp. Mot. Compel Arbitration at 8.  MAGF indicates it voluntarily provided over 20 boxes of documents to National Union.  *Id.*

MAGF's allegations are insufficient to warrant a finding that National Union waived its right to arbitrate.  Given that National Union did not file the lawsuit, it was entitled to engage in some litigation activity in order to defend itself.[3]  *See Steel Warehouse*, 141 F.3d at 238 (declining to hold a waiver was present where "it was Steel Warehouse who filed this case to begin with, and the Appellants [had not] done much other than defend themselves in this case").  Mere participation in discovery is not sufficient to result in a waiver.  Rather, the Fifth Circuit has made clear "a party may participate in the discovery process so long as it does not 'shower[] [the opposing party] with interrogatories and discovery requests.'"  *Keytrade USA*, 404 F.3d at 897 (quoting *Steel Warehouse*, 141 F.3d at 238).  Although MAGF avers that it has produced 20 boxes of documents to National

---

[3] Notably, National Union's right to demand arbitration under the Policy did not ripen until the parties had conducted a mediation.  *See* Policy at 65 (stating that prior to the commencement of ADR, the insured has the right to reject the insurer's choice of ADR procedure, and authorizing the insurer to insist on arbitration only after an unsuccessful mediation).

Union, it does not indicate whether those documents were produced in the context of formal discovery (or were instead provided in the parties' informal exchanges), nor has it suggested the production was required by a shower of onerous production requests made by National Union.[4] In sum, the Court finds MAGF has failed to discharge its heavy burden of showing National Union waived its right to arbitration.

It is undisputed that each of MAGF's claims in this suit fall within the coverage of the parties' agreement to arbitrate. Having rejected each of MAGF's arguments against National Union's right to seek arbitration, the Court concludes no useful purpose would be served by retaining this case on its docket. Thus, dismissal, rather than a stay pending the outcome of arbitration, is the most appropriate disposition of the case. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.").

## Conclusion

It is difficult for the Court to understand why sophisticated business entities—or anyone for that matter—would contract away their right to resolve their disputes in the courts in favor of having them resolved by persons not bound by the hallmarks of the judicial process, such as the rules of evidence and the right to appeal. Nonetheless, in this case, we have two sophisticated business entities who obviously knew or should have known what they were doing. Having expressly agreed

---

[4] In its reply, National Union indicates the 20 boxes of documents simply represented MAGF's litigation files from the underlying suits, and that they were provided informally in anticipation of the parties' mediation. Although these representations are not substantiated by an appropriate declaration or affidavit, it might be noted that Plaintiff's claims of discovery burden are also unsupported by appropriate evidence. MAGF's affiant indicates the facts in his affidavit are "true and correct to the best of [his] knowledge *and belief*." Pl.'s Resp. Mot. Compel Arbitration, Ex. 5 ¶ 1 (emphasis added). Because the statements are not constrained to the affiant's personal knowledge, they carry no evidentiary weight. *See Malek v. Martin Marietta Corp.*, 859 F. Supp. 458, 460–61 (D. Kan. 1994) (rejecting an affidavit based on "the best of [the affiant's] knowledge and belief.").

to arbitration in its contract for insurance, MAGF must now reap what it has sown and submit its claims in that forum.

In accordance with the foregoing:

IT IS ORDERED that Defendant's Motion to Compel Arbitration [#14] is GRANTED, and the parties shall proceed to arbitration in accordance with the Dispute Resolution Process Clause of the Directors, Officers and Private Company Liability Policy, which is attached as Exhibit A to Defendant's Motion to Compel Arbitration.

IT IS FURTHER ORDERED that MAGF's claims are DISMISSED WITHOUT PREJUDICE to refiling in arbitration.

SIGNED this the 4th day of August 2006.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE